O

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| **ROGER STEVEN MCCARTY** § § § § | |
| vs.              § | Civil No. L-03-95 |
| § § § § § | |
| **ZAPATA COUNTY, ET AL.** | |

### MEMORANDUM AND ORDER

Pending are summary judgement motions by Defendants Zapata County, Sheriff Sigifredo Gonzalez Jr., Sergeant Romone Montes and Sergeant Juan Valadez (Docket No. 53) and also by Defendant Arturo Garza-Gongora. (Docket No. 52). Magistrate Judge Notzon issued Recommendations on April 4, 2005 and April 5, 2005, respectively, recommending the motions be granted. Plaintiff filed a Motion/Declaration in Opposition to Magistrate Judge's Recommendation. (Docket No. 62).

All the essential facts are presented in the Recommendation by Judge Notzon. (Docket No. 56). After careful consideration, this Court agrees with Judge Notzon's recommendation that the Plaintiff will be unable to prove the essential elements of his claim.

In regard to Defendant Arturo Garza-Gongora, the Plaintiff has failed to demonstrate deliberate indifference. The undisputed evidence is that Dr. Garza-Gongora prescribed treatment for Hepatitis A and B and monitored Plaintiff's condition with

respect to Hepatitis C. He did not endeavor to treat Plaintiff's alleged mental health problems, a matter outside his professional expertise.  There was clearly no deliberate indifference on his part.

In regard to the Zapata County Defendants, Plaintiff's main complaint is that he should have received interferon treatment for his Hepatitis C condition.  However, no doctor specifically prescribed this treatment and the prison physician, Dr. Arturo Garza-Gongora, was monitoring the medical condition of Plaintiff. He stated that the only "effective treatment [for Hepatitis C] is to periodically monitor a patient for the progression of the disease and any serious consequences." See Docket No. 52, Attachment 1.  He further asserted that no serious symptoms ever presented themselves and therefore interferon therapy, or any other therapy, was never necessary.  Id.  Plaintiff contends that effective monitoring could not have been done as no blood analysis or liver biopsies were done. However Defendants were directly told by the prison physician that additional treatment was not needed.

The Plaintiff further contends that he was never given Hepatitis A and B vaccinations as prescribed by his treating physician. The record is unclear on this point. Defendants' evidence only shows that they gave Plaintiff "all prescribed medication."  However, as the Magistrate Judge concluded, there is no evidence that Plaintiff can make the required showing of harm.

The Plaintiff further contends that he was not adequately treated for his mental health conditions. "Serious medical need may exist for psychological or psychiatric treatment, just as it may for physical ills." Domino v. Texas Dept. of Criminal Justice 239 F.3d 752,754 (5th Cir. 2001). However, deliberate indifference is "an extremely high standard." Id. at 756. Plaintiff has again failed to establish harm. Plaintiff was found to be free from any mental illness or psychiatric disorder in November of 2001. See Docket No. 53, Attachment 2. Furthermore, Plaintiff, himself, stated that he was not suicidal and described his mental condition as "much improved" in an application for a trustee position to jail officials. Id. at Attachment 3, p. 12.

Frankly, there is little evidence that Plaintiff even had any serious mental health problem much less that Defendants deliberately ignored the problem. Responding to the Magistrate Judge's Recommendation, Plaintiff makes the ingenious argument that, since he is a layman, his "self-diagnosis" that he really had no mental problem should be disregarded. The fact remains that there is no evidence that he had a significant mental health problem.

Plaintiff's response complains that, as an incarcerated person, he has been hindered in discovering evidence. He mentions sending many letters to unspecified hospitals, doctors and witnesses, but he furnishes no clue as to what information he sought or how it would be relevant.

Finally, Plaintiff asserts that he is now "being processed

to have a liver biopsy and begin interferon treatment." That development, if true, does not illuminate the issue of whether these Defendants were deliberately indifferent to his condition over 32 months ago. This is particularly true of the non-medical Defendants.

Therefore the Recommendations of the Magistrate are ACCEPTED, and the two motions for summary judgement are GRANTED.

Plaintiff has moved for default judgement against Defendant Richard Domingues. (Docket No. 60). "Where a defending party establishes that plaintiff has no cause of action ... this defense generally inures to the benefit of a defaulting defendant." <u>Lewis v. Lynn</u> 236 F.3d 766, 768 (5th Cir. 2001)(quoting <u>United States v. Peerless Ins. Co.</u>, 374 F.2d 942, 945 (4th Cir. 1967)). Therefore the Motion for Default Judgement is DENIED and summary judgement is also GRANTED for Defendant Richard Domingues.

DONE at Laredo, Texas, this 13th day of September, 2005.

_____
George P. Kazen
United States District Judge